UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
JOYAL PRODUCTS, INC., :
:
      Plaintiff, : Civil Action No. 04-5172 (JAP)
:
v. : **OPINION**
:
JOHNSON ELECTRIC NORTH :
AMERICA, INC. *et al.*, :
:
      Defendants. :
:
_____ :

PISANO, District Judge.

      This is an action for patent infringement and breach of contract brought by Plaintiff, Joyal Products, Inc. ("Joyal" or "Plaintiff"), against Johnson Electric North America Inc., Johnson Electric Consulting, Inc., and Johnson Electric Manufacturory, Ltd. ("Johnson" or "Defendants"). Presently before the Court is a motion by Plaintiff for summary judgment dismissing Defendants' affirmative defenses and declaratory judgment counterclaim of anticipation and obviousness. Plaintiffs assert that Defendants, having abruptly withdrawn their expert witness on the issue of invalidity, lack sufficient evidence to prove invalidity at trial. Defendants have opposed the motion and have cross-moved for summary judgment of patent invalidity and dismissal of Plaintiff's breach of contract claims. For the reasons below, Plaintiff's motion is granted, and

Defendants' cross-motion is denied.[1]

**I.     Background**

Because the Court writes only for the parties, familiarity with the underlying facts in this case is presumed. Only those facts relevant to the instant motions are set forth herein.

As stated above, in response to Plaintiff's claims of patent infringement, Defendants assert that the claims of United States Patent No. 5,111,015 (the "'015 patent") are invalid due to anticipation and obviousness.  In June of 2008, Defendant served an expert report by Kurt Hofman, who opined that the '015 patent was anticipated by certain prior art patents and was obvious in light of various combinations of certain prior art patents.  On August 28, 2008, in response to an *in limine* motion to exclude Mr. Hofman, Defendants withdrew Mr. Hofman as their witness, indicating that they would not be relying on either his testimony or his report at trial.  As a result, on the eve of trial, Defendants are without expert testimony with respect to their theories of invalidity.

Plaintiff has moved for summary judgment dismissing Defendants' patent invalidity defenses and declaratory judgment counterclaim.  Plaintiff argues that without their expert, Defendants lack sufficient evidence to prove anticipation and/or obviousness at trial.  Specifically, Plaintiff asserts that expert testimony is required in this case due to the complexity of the technology.  Additionally, Plaintiff argues that even if Defendants were permitted to proceed without an expert, Defendants are unable to establish a prima facie case of invalidity because they are without appropriate witnesses and cannot rely upon attorney argument as a substitute for competent evidence.

---

[1] That part of Defendants' cross-motion seeking dismissal of Plaintiff's contract claim is denied as moot.  Plaintiff has withdrawn that claim.  *See* Pl. Reply at 27.

## II.     Discussion

### A.  Summary Judgment Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party.  *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial.  *Id.* at 324.  In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v.*

...

*BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B. Establishing Anticipation

It is well-established that anticipation is a question of fact. *See, e.g., Ormco Corp. v. Align Technology, Inc.*, 498 F.3d 1307, 1319 (Fed. Cir. 2007). In order to anticipate a claim,

> a single prior art reference must expressly or inherently disclose each claim limitation. But disclosure of each element is not quite enough – this court has long held that '[a]nticipation requires the presence in a single prior art disclosure of all elements of a claimed invention *arranged as in the claim*.

*Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008) (emphasis in original). Thus, to establish anticipation, Defendants must prove by clear and convincing evidence[2] that there is "no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." *Scripps Clinic & Res. Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991). With respect to trial testimony, the Federal Circuit has noted that

> Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory.

*Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004) (quoting *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315-16 (Fed. Cir. 2002)).

### C. Establishing Obviousness

In a patent case, "[o]bviousness is a question of law based on underlying questions of fact." *Scanner Technologies Corp. v. ICOS Vision Systems Corp. N.V.*, 528 F.3d 1365, 1379

---

[2]*See, e.g., SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed.Cir.2006) ("Under the patent statutes, a patent enjoys a presumption of validity, *see* 35 U.S.C. § 282, which can be overcome only through facts supported by clear and convincing evidence.").

(Fed. Cir. 2008). These "underlying questions of fact" to be examined include "(1) the scope and content of the prior art, (2) the level of ordinary skill in the art, (3) the differences between the claimed invention and the prior art, and (4) objective indicia of non-obviousness." *Id.* at 1379-80. Because the '015 patent is presumed to be valid, in order to prove obviousness, Defendants must establish by clear and convincing evidence "that one of ordinary skill in the art would have found in the prior art references some teaching, suggestion or incentive to combine the prior art references in the way that [Joyal] did in its invention." *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1564 (Fed. Cir. 1997).

**D. Johnson Has Not Established That a Triable Issue Exists as to Validity**

In responding to the instant motion, Johnson confirms that it has no expert to testify at trial on the issue of invalidity. Johnson's Rule 56.1 Statement ¶ 41 ("Johnson will not have any expert witness for its invalidity defense."). However, Defendants argue that expert testimony is not required to establish invalidity, because the case "does not involve complex technology," but rather, the technology at issue here is "abundantly simple." Pl. Opp. at 5. Johnson points to several cases in which the court determined that the technology was simple enough for a layperson to understand it: *Prima Tek II, LLC v. Polypap, SARL*, 412 F.3d 1284 (Fed. Cir. 2005) (involving "an assembly and method" to display flowers); *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567 (Fed. Cir. 1984) (plastic bag dispenser); and *Chore-Time Equip. Inc. v. Cumberland Corp.*, 713 F.2d 774 (Fed. Cir. 1983) (poultry feeder).

Plaintiff, on the other hand, argues to the contrary, asserting that commutator fusing is anything but simple technology. For example, Plaintiff points to an observation in a 1993 technical journal (literature contemporaneous with the invention of tang top fusing) which stated

5

that

> Without a doubt, the most discussed topic in fractional horsepower motor manufacturing these days is tang fusing. . . . [T]ang fusing or hot stalking is one of the least understood, hardest to quantify of all processes.

Declaration of John P. Mangan, Ex. A ("Efficient Fusing Using AC or DC Current" at 601). Other contemporaneous literature provided by Plaintiff is similar.

The Federal Circuit has recognized that it is within the discretion of the trial court to require expert testimony in cases where the subject matter is "sufficiently complex to fall beyond the grasp of an ordinary layperson." *Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008). The Court has reviewed the submissions of the parties, the '015 patent, and the prior art references and rejects Johnson's contention that the technology at issue is "abundantly simple." Unlike the cases cited by Defendants, this case involves technology far more complex than that of a flower display, a plastic bag dispenser or a poultry feeder. Indeed, as aptly put by Plaintiff, "Johnson's argument that the commutator fusing technology involved in this case is simple and involves nothing more than moving an electrode from one location to another is akin to saying a heart transplant is simple because all you do is cut out the old heart and sew in a new one." Pl. Reply at 5. The Court finds that the subject matter of this case is "sufficiently complex to fall beyond the grasp of an ordinary layperson," *Proveris*, 536 F.3d at 1267, and, therefore, Johnson is required to present expert testimony at trial to prove invalidity. Lacking such testimony, their invalidity defenses and counterclaim will be dismissed.

Even if the Court had found otherwise, Plaintiff would nevertheless prevail on their motion for summary judgment. Plaintiff argues that even if Defendants were allowed to proceed without expert testimony, Defendants have failed to demonstrate that they can establish a *prima*

*facie* case of invalidity, and the Court agrees.  As stated earlier, on a motion for summary judgment the moving party bears the initial burden of showing that no genuine issues of material fact exist.  *Celotex Corp.*, 477 U.S. at 323.  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp*, 477 U.S. at 325.  Plaintiff has made this showing.

      First, Plaintiff argues that Johnson has no witnesses to establish a *prima facie* case of invalidity.  Defendants respond that they intend to establish invalidity through three adverse fact witnesses, Alan Warner, Edward Riordan and John Mangan.[3]  However, Plaintiff notes that Defendants have not explained what testimony is expected from these witnesses other than to baldly state that their testimony will be "more than enough to establish patent invalidity."  Def. Opp. at 7.  This is simply not sufficient to carry Defendants' burden on summary judgment.  *See* Fed. R. Civ. P. 56(e) (party opposing summary judgment must "set out specific facts" that would be  "admissible in evidence")

      Second, Plaintiff argues that Defendants cannot establish invalidity by substituting attorney argument for evidence, specifically, attorney argument as to the meaning of complex, technical prior art documents.  Defendants have submitted with their opposition and cross-

---

[3]Plaintiff notes that until Defendants first disclosed their intended witnesses in opposition brief on this motion, Defendants had never identified Warner, Riordan and Mangan -- in the Pre-Trial Order or otherwise -- as witnesses on the issue of validity (in fact, Mangan was never identified as a trial witness by Defendants at all).  This alone is grounds for the Court to exercise its discretion and exclude their testimony.  *Fashauer v. New Jersey Transit*, 57 F.3d 1269, 1287 (3d Cir. 1995) (court has "the discretion to exclude testimony of a witness who had not been identified").

7

motion numerous prior art documents on which they base their defenses.  However, Defendants attempt to make the required factual showings relating to invalidity by providing little more than arguments of counsel as to the meaning of these complex prior art documents.  As Plaintiff points out, the Federal Circuit has repeatedly cautioned that attorney argument cannot substitute for evidence on a motion for summary judgment.  *See, e.g.*, *Invitrogen Corp. v. Clontech Labs*, 429 F.3d 1052, 1068 (Fed. Cir. 2005) ("Unsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent substantive expert testimony.  It does not, and cannot, support [defendants'] burden on summary judgment."); *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1284 (Fed.Cir.2005) ("Attorney argument is no substitute for evidence.").  The attorney argument in Defendants' brief cannot take the place of, for example, evidence of how one skilled in the art would perceive the referenced prior art.  Consequently, Defendants cannot carry their burden on summary judgment.

**III.   Conclusion**

For the reasons above, Plaintiff's motion for summary judgment dismissing Defendants' affirmative defenses and declaratory judgment counterclaim of anticipation and obviousness is granted.  That part of Defendants' cross-motion seeking summary judgment of patent invalidity is denied, and that part of Defendants' cross-motion seeking dismissal of Plaintiff's breach of contract claim is dismissed as moot.  An appropriate Order follows this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: October 17, 2008

9